Whaley, Judge,
delivered the opinion of the court:
This is a suit of a naval officer for rental and subsistence allowances on account of the alleged dependency of his mother from April 1, 1924, to November 30, 1927, and for certain rental and subsistence allowances received by him on account of said alleged dependency prior to April 1, 1924, and deducted from his pay between October 1, 1924, and October 1, 1925. Suit in this court was filed September 9, 1930.
Section 4 of the act of Congress of June 10,1922, 42 Stat. 625, 627, provides:
“ Sec. 4. That the term £ dependent ’ as used in the succeeding sections of this act shall include at all times and in all places a lawful wife and unmarried children under twenty-one years of age. It shall also include the mother of the officer provided she is in fact dependent on him for her chief support.”
In numerous decisions of this court it has been held that each “ dependent mother case ” must stand or fall on the particular facts of that case. The citation of authorities is unnecessary. The material facts of this case may be summarized as follows:
*495 The plaintiff’s father died February 27, 1917, leaving insurance of $2,000 and a brick store building, which, under his will, went to plaintiff’s mother. In 1923 or 1924 the store was sold for $5,000, and $3,000 of this amount was invested in bank stock, which, after 1924, yielded an income of $360 a year. The remaining $2,000 was invested in a note which was repaid in monthly installments, including interest at 8 percent. Prior to the commencement of this claim plaintiff had received rental and subsistence allowances on account of dependency of his mother, but the Comptroller General disallowed these payments, and between October 1, 1924, and October 1, 1925, there was checked against his pay the sum of $566.68. When this checkage commenced against his pay for rental and subsistence allowances made to him for his dependent mother, prior to April 1, 1924, his mother gave him the sum of $500 from the $2,000, which left her $1,500. The plaintiff testifies the amount given him by his-mother was necessary for his living expenses and to replace the amount deducted from his salary by the Comptroller.
Plaintiff’s mother purchased a home with the balance left from the $2,000 life insurance above referred to. Her daughter, plaintiff’s sister, who was practically an invalid, lived with her. The daughter was of age but due to her infirmities could not work and had to undergo several major operations for which her mother paid the hospital and surgeon bills.
At the beginning of the claim plaintiff’s mother was 52 years of age. She was in good health and worked to help support herself whenever she could obtain employment.
The itemized cost of plaintiff’s mother’s living expenses-varies from $145 to $165 per month, or an average of $155,. but, in addition to these expenses, the taxes, insurance, repairs, and local assessments on the home had to be paid by her. The actual amounts so paid are not shown by the evidence, but a reasonable allowance for them must be taken into consideration in arriving at the mother’s financial resources to determine dependency. A reasonable amount for these items of expense would raise the monthly expense-rate above the estimated monthly expenses.
*496 The record shows that plaintiff’s mother had no income from any source previous to and in 1924 other than that received from the son in the sum of $100 per month and the small rental from the warehouse.
In the. subsequent year of 1925 the income of plaintiff’s mother came from two sources. She received $860 as a dividend on her bank stock, which, distributed over the year, gave her a monthly allowance of $30. She was able to secure employment in a department store for five or six months at $45 per month, which, distributed over the year, would give an average of $20 to $21 per month. She therefore had during this year a monthly income of $50 to $51 per month.
In 1926 plaintiff’s mother received the same amount of dividend, but she worked for approximately five and one-half months during this period at a salary of $60 per month, averaging $27.50 a month. Her combined income for 1926 was therefore $57.50 per month.
In 1927 plaintiff’s mother did not receive a dividend from the bank stock, but she was paid $75 per month for the five and one-half months she worked, making her monthly income for the year between $34 and $35 per month.
It is admitted the daughter could not and did not work. The mother did work and part of her earnings undeniably went to support the daughter. It is not denied by the mother that her daughter lived with her, and her hospital and surgeon charges were defrayed by her, but there is nothing in the evidence to show these amounts came out of the sum contributed by the son, and, on the contrary, the evidence clearly establishes the mother’s necessary expenses during the period involved in this suit exceeded the income she had and the amount contributed by the son, and depleted the corpus of her estate some $1,500. It clearly appears that the earnings of the mother during the months she worked, plus the income she received, spread over the period of the claim, would not give her more than an average of $35 per month. It can hardly be maintained by any reasonably-minded person that this monthly sum is sufficient to support a mother of an officer in the manner in which she was accustomed to live, and that the son, who contributed $100 *497 to her support, was not her chief support, and that she was not in fact dependent upon him for her chief support. It is apparent that, during the period of this claim, the plaintiff was required to furnish most or the greater part of the funds necessary for his mother’s reasonable support.
The contention of the defendant that the adult sister, who was supported by the mother, took the case out of the statute, we think, is without merit. There is not a human heart so cold and callous as to believe or desire that a mother would not take care of her invalid daughter whether she were of age or under age. The almost unbroken history of mother love is that a mother will gladly and cheerfully pay the last penny in her purse for her sick child or wayward boy. The controlling fact for us to decide from the facts presented is, was the mother dependent upon her son for her chief support, and this fact we find in the affirmative.
The statute of limitations bars recovery for the months from April 1,1924, to August 81,1924, inclusive. The plaintiff is entitled to recover the amount checked against his pay in the sum of $566.68 and rental and subsistence allowances from September 1,1924, to November 80,1927, inclusive.
The plaintiff is entitled to a judgment in the sum of' $2,044.35. It is so ordered.
Littletok, Judge; Greek, Judge; and Booth, Chief Justice, concur.
Williams, Judge, concurs in the result.